UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILLIAM TROY MANNING** | **CIVIL ACTION NO. 3:11-cv-0543** |
| **LA. DOC #508888** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, CLAIBORNE PARISH** | |
| **DETENTION CENTER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner William Troy Manning filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on April 4, 2011. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Claiborne Parish Detention Center. Petitioner attacks convictions for aggravated burglary and attempted aggravated rape and the concurrent sentences of 30 years imposed by Louisiana's Third Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust all available state court remedies prior to filing this suit.

*Background*

On unspecified dates petitioner was convicted of aggravated burglary and attempted aggravated rape; thereafter, on May 6, 2008, he was sentenced to serve concurrent 30 year sentences. He appealed his convictions and sentences to the Second Circuit Court of Appeals; his court-appointed appellate counsel argued four assignments of error: (1) "The conviction of Mr. Manning for aggravated burglary and attempted aggravated rape, violated his constitutional right against

double jeopardy; (2) The evidence was insufficient to support the conviction for attempted aggravated rape, in violation of La. R.S. 14:27 & 14:42; (3) The trial court was in error to deny Mr. Manning's objection to the state's failure to provide discovery of its showing his photographs to the witness B.M. and her subsequent inconsistent statement; and, (4) The trial court was in error to sustain the state's hearsay objection to Mr. Manning's trial counsel questioning Investigator Webb about the statement made to him by Mr. Manning."[1] On June 24, 2009 the Second Circuit affirmed the convictions and sentences. *State of Louisiana v. William Troy Manning*, 44,403 (La. App. 2 Cir. 6/24/2009), 15 So.3d 1204.

Thereafter, according to petitioner he "... filed a pro se Supervisory Writ of Certiorari to the Louisiana Supreme Court on or about July 16, 2009 which was not filed and a supplemental brief on July 19, 2009." [Doc. 1, p. 15] He clarified this contradictory and confusing statement in his amended petition and asserted that the pleading he claimed was "filed" on July 9, 2009 [Doc. 6, pp. 10-13] was actually returned to petitioner as unfiled by the Clerk of the Supreme Court because

---

[1] Petitioner did not provide a copy of his brief on appeal; however, according to the presumptively reliable published jurisprudence, the Second Circuit provided a "verbatim" recitation of each of the four assignments of error argued on appeal. *See State v. Manning*, 44,403 (La. App. 2 Cir. 6/24/2009), 15 So.3d 1204.

With regard to Assignment of Error Number Two – sufficiency of the evidence – petitioner argued that there was insufficient evidence to support the conviction for attempted rape. The Second Circuit's opinion framed petitioner's argument on appeal as follows, "In the case *sub judice*, Defendant argues that the evidence does not show that a sexual touching occurred that would warrant a rape conviction. He also asserts that there was no evidence that he attempted to disrobe or make any other preparations to rape S.M. According to Defendant, the evidence shows that he was 'merely robbing the house, and when he woke up the victim, he was trying to keep her quiet, until he could make his escape.'" *State v. Manning*, 44,403 (La. App. 2 Cir. 6/24/2009), 15 So.3d at 1212-13. In other words, the available and presumptively reliable evidence indicates that petitioner did not argue insufficiency of the evidence to establish that he was the perpetrator of the burglary and rape.

petitioner failed to provide copies of the judgments of the District Court and Court of Appeals and he did not utilize the Louisiana Writ Application Filing Sheet mandated by Supreme Court Rules, Appendix C. [Doc. 6, p. 16] According to the pleading, which was entitled "Motion and Order for Writ of Certiorari," petitioner argued the following grounds for relief:

(1) "... the trial court lacked the material evidence to place him at the scene of the crime he was convicted of ... The state failed to match fingerprints at the scene with his fingerprints. Also the DNA samples taken of material evidence recovered at the scene does not match the petitioner's DNA." [Doc. 6, p. 10, ¶1]

(2) the investigating officer "committed perjury ... by lying about items found at the scene of the crime belonging to Mr. Manning.." [*Id*., p. 11 ¶2]

(3) the investigating officer committed perjury again when he testified that Manning admitted to owning a pair of Redwing boots. [*Id*., ¶3]

(4) trial counsel and appellate counsel rendered ineffective assistance. [*Id*., ¶¶4-4, pp. 11-12]

According to petitioner he re-submitted this pleading to the Supreme Court on July 19, 2009, and on July 30, 2009 he received a Notice of Filing from the Supreme Court. [Doc. 6, p. 18 (Petitioner's log); Doc. 6, p. 17 (Supreme Court Notice of Filing dated July 28, 2009, and assigning the writ application Docket No. 2009-KO-1749)].

On April 5, 2010, the Supreme Court denied writs without comment. *State of Louisiana v. William Troy Manning*, 2009-1749 (La. 4/5/2010), 31 So.3d 355. On April 12, 2010, petitioner submitted a *pro se* Objection to the Supreme Court's writ denial. He again argued that the investigator committed perjury; that petitioner's fingerprints and DNA were absent from the crime scene; and that the prosecutor allowed perjured testimony to be entered into the trial record. [Doc.

3

6, pp. 21-24] This pleading was also returned unfiled by the Supreme Court. [Doc. 6, p. 25]

Petitioner did not seek further direct review in the United States Supreme Court. On some unspecified dates he attempted to obtain court documents or transcripts. His requests were presumably denied by the District Court, the Second Circuit Court of Appeals and finally, the Louisiana Supreme Court on September 3, 2010. See *State of Louisiana ex rel. William Troy Manning v. State of Louisiana*, 2009-2181 (La. 9/3/2010), 44 So.3d 700.[2]

On April 4, 2011, petitioner filed the instant petition for writ of *habeas corpus* raising the following claims – (1) The evidence was insufficient to support the conviction for attempted aggravated rape and aggravated burglary based solely on subjective photographic lineups and no direct evidence in support. [Doc. 1, p. 21]; (2) The conviction of William Troy Manning for aggravated burglary and attempted aggravated rape violated his constitutional right against double jeopardy. [*Id*., p. 30];   (3) The trial court was in error to deny Mr. Manning's objection to the State's failure to provide discovery of its showing his photographs to the witness [B.M] and her subsequent inconsistent statement. [*Id*., p. 34]; and, (4) Trial court was in error to sustain the state's hearsay objection to Mr. Manning's trial counsel questioning investigator Webb about the statement made to him by Mr. Manning. [*Id*., p. 38]

---

[2] The Supreme Court's writ denial cites *State ex rel. Bernard v. Cr.D.C*, 94–2247, p. 1 (La. 4/28/95), 653 So.2d 1174, 1175 which held that indigent inmates were entitled to free copies of various court documents, however, with regard to transcripts, etc., the inmate must demonstrate a "particularized need" before he may obtain the documents. The Court further held that an inmate cannot make a showing of particularized need absent a properly filed application for post conviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. See also Doc. 6, p. 19, petitioner's litigation log, which indicated that he sent a "motion for production of documents" to the Third Judicial District Court on August 25, 2010.

*Law and Analysis*

*Exhaustion of State Court Remedies*

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported

by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "[F]ederal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts." *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir.1993). "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (*per curiam*) (internal citation omitted). A *habeas corpus* petitioner fairly presents a claim to the state court by asserting the claim "in terms so particular as to call to mind a specific right protected by the Constitution" or by alleging "a pattern of facts that is well within the mainstream of constitutional litigation." *Coleman v. Dretke*, 395 F.3d 216, 220, quoting from *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231-33 (2d Cir.1992).

A petitioner who presents new legal theories or factual claims in his federal *habeas* petition has not exhausted state court remedies. *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Riley v. Cockrell*, 339 F.3d at 318 ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."); *Wilder v. Cockrell*, 274 F.3d at 259 ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"); *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir.2001). In other words, to have "fairly presented"his federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his claim. *Baldwin v. Reese*, 541 U.S. at 29-32, 124 S.Ct. at 1349-51

6

(holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim); *Wilder v. Cockrell*, 274 F.3d at 260 ("A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights.").

Not only must a federal *habeas* petitioner "fairly present" his federal constitutional claim to the state courts, he must fairly present his claims to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom.*, *Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. LSA Const. Art. 5, § 5. Thus, in order to properly exhaust a claim in the Louisiana courts, a federal *habeas* applicant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner according to the rules of the state courts (3) to the Louisiana Supreme Court. *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.2001; *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).

Petitioner now argues four claims for relief paraphrased as follows: (1) insufficiency of the evidence – identity of the perpetrator; (2) double jeopardy; (3) failure to provide discovery/*Brady* violation; and (4) error in sustaining the state's hearsay objection. However, as was shown below, petitioner did not fairly present these claims to the Louisiana Supreme Court in a procedurally correct manner and therefore, petitioner has not exhausted available state court remedies with respect

to his federal *habeas corpus* claims.

### *Claim One – Insufficiency of the Evidence*

In his first claim for relief, petitioner argues that there was insufficient evidence to establish that he was the perpetrator of the aggravated burglary and attempted rape. He argues, "... the petitioner contends that the evidence is insufficient to prove that: (1) petitioner was ever inside the alleged victims' home and (2) that he made any [attempt] to either burglarize the home or attempt to commit forcible rape while in the home..." [Doc. 1, p. 21] In support of this argument he maintains that "[t]he physical evidence, in this case did not place Mr. Manning in the victim's home." [*Id.*] He argues that his identification as the perpetrator of the burglary and attempted rape was flawed [*Id.*, p. 23] and unreliable [*Id.*, pp. 24-25]. He concludes his argument by noting, "The evidence here in this case is not sufficient enough to convict [petitioner] of being in that house much less is there evidence enough to convict him or any other person of attempted aggravated rape ..." [*Id.*, p. 29]

Petitioner raised a similar argument in his "Motion and Order for Writ of Certiorari" filed in the Louisiana Supreme Court seeking further review on direct appeal. He alleged, "The petitioner contends that the trial court lacked the material evidence to place him at the scene of the crime he was convicted of (Attempted Aggravated Rape and Aggravated Burglary) on May 6, 2008. The State failed to match fingerprints at the scene with his fingerprints. Also, the DNA samples taken of material evidence recovered at the scene does not match the petitioner's DNA." [Doc. 6, ¶1]

However, according to the opinion of the Second Circuit Court of Appeals, on direct appeal, petitioner conceded the issue of identity, conceded the commission of aggravated burglary and argued only insufficiency of the evidence to support the conviction for attempted rape. The Second

8

Circuit framed petitioner's argument as follows: "In the case *sub judice*, Defendant argues that the evidence does not show that a sexual touching occurred that would warrant a rape conviction. He also asserts that there was no evidence that he attempted to disrobe or make any other preparations to rape S.M. According to Defendant, the evidence shows that he was 'merely robbing the house, and when he woke up the victim, he was trying to keep her quiet, until he could make his escape.'" *State v. Manning*, 15 So.3d at 1212-1213.

While petitioner may have presented a similar claim to the Louisiana Supreme Court, it is clear that he did not present his current sufficiency of the evidence claim to the Louisiana Supreme Court in a procedurally correct manner. The Louisiana Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, § 5. In this instance, the petitioner raised an entirely different claim in the Court of Appeals – i.e. insufficiency of the evidence to establish the elements of attempted rape – than was raised thereafter in the Louisiana Supreme Court. In other words, the merits of petitioner's claim of insufficiency of the evidence of identity was not properly before the Louisiana Supreme Court because petitioner raised that claim for the first time in his "Motion and Order for Writ of Certiorari." Petitioner did not fairly present the substance of this claim to the Louisiana Supreme Court and therefore state court remedies remain unexhausted.

### *Claim Two – Double Jeopardy*

Petitioner argues that his convictions for aggravated burglary and attempted rape are violative of the Constitution's prohibition against Double Jeopardy. Petitioner raised this claim on direct appeal as Assignment of Error Number Two. *State v. Manning*, 15 So.3d at 1209. However, petitioner did not raise the claim in his "Motion and Order for Writ of Certiorari." [See Doc. 6, pp. 10-13] Since petitioner did not fairly present this Double Jeopardy claim to the Louisiana Supreme

9

Court, state court remedies remain unexhausted.

### *Claim Three – Discovery/Brady Issue*

In his third claim for relief petitioner argues that during the trial, "... the defense discovered that the state had conducted a second, secret and biased photo show of other photographs of Mr. Manning to [B.M.], in order to change her from being unable to identify the assailant, to having a positive identification at trial." [Doc. 1, p. 35] According to the petitioner, the failure of the State to provide evidence to establish that Ms. Martin was previously unable to identify petitioner as her assailant, was a violation of *Brady v. Maryland*.

Petitioner argued a similar claim as Assignment of Error Number Three on appeal – "Defendant argues that the State 'sandbagged' him when it did not inform him that it had shown B.M. other photos of him almost two years after the initial photographic lineup and that B.M. identified him as the perpetrator after viewing those photos. Since B.M. could not identify him at the initial lineup, Defendant contends that the State had a continuing duty under La. C. Cr. P. art. 729.3 to disclose B.M.'s identification of Defendant. Defendant argues that, because of the State's failure to disclose the identification, he was not able to adequately cross-examine B.M. at trial." *State v. Manning*, 15 So.3d at 1213.

However, petitioner neglected to raise this claim in his "Motion and Order for Writ of Certiorari" filed in the Supreme Court. [Doc. 6, pp. 10-13] Since this claim was not fairly presented to the Louisiana Supreme Court, State remedies with regard to the claim remain unexhausted.

### *Claim Four – Hearsay Objection*

In his final claim for relief, petitioner argues, "The trial court was in error to sustain the state's hearsay objection to Mr. Manning's trial counsel questioning Investigator Webb about the

10

statement made to him by Mr. Manning." [Doc. 1, p. 38] Petitioner argued this same claim on direct appeal to the Second Circuit as Assignment of Error Number Four. The Court of Appeals ruled in petitioner's favor on this issue, but then determined that the error was harmless beyond any reasonable doubt.[3]

Nevertheless, petitioner failed to raise this error in his "Motion and Order for Writ of Certiorari" which he filed in the Supreme Court. [Doc. 6, pp. 10-13] Since this claim was also not fairly presented to the Louisiana Supreme Court, it too, remains unexhausted.

### *Technical Exhaustion – Procedural Default*

Since petitioner failed to fairly present the substance of his federal claims in a procedurally correct manner to the Louisiana Supreme Court, state court remedies, with respect to those claims, remain unexhausted. He clearly cannot seek further direct review of the claims, however, based upon the chronology supplied by petitioner, it appears that he may still be able to collaterally attack his judgment of conviction by filing an application for post-conviction relief in accordance with the provisions of La. C.Cr.P. arts. 924 *et seq*. Under Louisiana law, an application for post-conviction

---

[3] The Court held, "We disagree with the ruling of the trial court. La. R.S. 15:450 provides that every confession, admission or declaration sought to be used against anyone must be used in its entirety so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford. The purpose of the statute is to ensure completeness. *State v. Caldwell*, 28,514 (La.App. 2d Cir.8/21/96), 679 So.2d 973, writ denied, 96–2314 (La.2/21/97), 688 So.2d 521. Where the state introduces portions of a defendant's pretrial statement against him, the defendant is entitled to have the remaining portions admitted so that the jury is not misled as to the statement's true meaning. *Id.*
\* \* \*
We further find, however, that this error does not warrant reversal of Defendant's conviction and sentence as it did not result in a fundamentally unfair trial. The excluded portions of Defendant's statement would have little to no bearing on the outcome of the trial in light of the other evidence of guilt. Thus, this error was harmless beyond a reasonable doubt. See *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)." *State v. Manning*, 15 So.3d 1217-1218.

11

relief may be filed within two years of the date the conviction becomes final. La. C.Cr.P. art. 930.8(A). Again, assuming that petitioner timely filed his application for writs in the Louisiana Supreme Court, his judgment of conviction became final under Louisiana law – La. C.Cr.P. art. 922(D)[4] – on April 5, 2010 when the Louisiana Supreme Court denied writs on direct review. *State of Louisiana v. William Troy Manning*, 2009-1749 (La. 4/5/2010), 31 So.3d 355. Petitioner has two years from that date, or until April 2012 within which to file an application for post-conviction relief seeking collateral review of his conviction.

The undersigned is aware that the Louisiana courts may refuse to consider his claims pursuant to the provisions of La. C.Cr.P. art. 930.4(A), which permits dismissal of repetitive or successive claim; however, the Fifth Circuit has held that a dismissal pursuant to that statute is not a "traditional procedural default", *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994), and therefore, the undersigned is reluctant to dismiss this petition as procedurally defaulted.

### *Stay and Abeyance*

Absent a showing that state remedies are either unavailable or inadequate, petitioner cannot now proceed in this court in *habeas corpus*. *See* 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted. Of course, the dismissal should be without prejudice to petitioner's right to seek *habeas* relief once he has exhausted state court remedies with respect to his federal *habeas* claims.

Moreover, since the present petition raises <u>only</u> unexhausted claims, the court need not

---

[4] Art. 922 (D) provides, "If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies writs."

address the stay and abeyance of mixed *habeas* petitions addressed by the Supreme Court in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) (holding that district courts have the discretion to stay rather than dismiss, a <u>mixed</u> *habeas* petition containing exhausted and unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Unfortunately, even though petitioner may still be eligible to seek state post-conviction relief in the Louisiana courts, the AEDPA period of limitations as provided in 28 U.S.C. §2244(d)(1)(A) has now expired. Under that statute, a federal *habeas* petitioner has a period of 1-year, generally reckoned from the date that the state judgment of conviction became final "by the ... expiration of the time for seeking [further direct review]..." Petitioner's state appeals process ended on April 5, 2010 when the Supreme Court denied writs. *State of Louisiana v. William Troy Manning*, 2009-1749 (La. 4/5/2010), 31 So.3d 355. Again, assuming that petitioner's writ application to the Louisiana Supreme Court on direct review was timely, petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ... [further direct] review" [28 U.S.C. § 2244(d)(1)(A)], on or about July 6, 2010, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. See Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999) (The state court judgment is not final for *habeas* purposes until the 90-day period for filing a *writ of certiorari* to the United States Supreme Court has expired.) The 1-year period of limitations expired on July 6, 2011 while this unexhausted petition was pending. Further, petitioner may not rely upon the pendency of his federal *habeas corpus* petition to toll the AEDPA limitations period. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251

13

(2001); *Rhines v. Weber*, 544 U.S. at 274-75 ("Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for corpus in federal court does not toll the statute of limitations.")

Thus, petitioner may return to the Louisiana courts in order to exhaust his federal claims. Those claims may or may not be rejected by the Louisiana courts as repetitive or successive. Assuming that this Report and Recommendation is adopted by the Court, petitioner's federal *habeas* petition will be dismissed without prejudice and therefore, once petitioner has exhausted his federal claims, he may return to this court without running afoul of the prohibition against second or successive *habeas* petitions codified at 28 U.S.C. §2244(b). However, a second petition for *habeas corpus* may well be dismissed as time-barred as noted above, unless petitioner is able to successfully argue the benefits of statutory or equitable tolling.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available state court remedies prior to seeking *habeas corpus* relief pursuant to §2254.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

14

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

    Signed in Chambers, Monroe, Louisiana, August 5, 2011.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE